Filed 12/11/13  P. v. Lopez CA3

<u>**NOT TO BE PUBLISHED**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C072316 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF11-1745) |
| v. | |
| JESUS LOPEZ, | |
| Defendant and Appellant. | |

Defendant Jesus Lopez pleaded no contest to forcible oral copulation (Pen. Code,§ 288a, subd. (c)(2)(B))[1] and forcible sodomy (§ 286, subd. (c)(2)(B)).  He admitted that he was at least 16 years old at the time of the offenses and was not a fit and proper subject to be dealt with under the juvenile court law.  (Welf. & Inst. Code, § 707, subds. (b), (d)(1).)  In exchange for the plea and admission, seven related counts were

---

[1] Undesignated statutory references are to the Penal Code.

1

dismissed with a *Harvey* waiver.[2]  Defendant was sentenced to state prison for 17 years, consisting of the low term of nine years for sodomy plus a fully consecutive low term of eight years for oral copulation.  He obtained a certificate of probable cause.  (§ 1237.5.)

On appeal, defendant contends (1) the assignment of arbitrary authority to the prosecutor to decide whether to try a juvenile in adult court without any judicial review violates the separation of powers doctrine and due process of law, and (2) the trial court abused its discretion when it accepted the plea and imposed sentence without the benefit of a current evaluation of defendant's condition and circumstances.  We shall affirm.

## FACTUAL BACKGROUND

The facts of defendant's offense are not at issue and need not be set forth in this opinion.

## DISCUSSION

### I.  Prosecution's Decision to Prosecute a Minor in Criminal Court

Defendant contends the assignment of arbitrary authority to the prosecutor to decide whether to try a juvenile in adult court without any judicial review violates the separation of powers doctrine and due process of law.  He acknowledges that the California Supreme Court rejected his argument in *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 554, 557, 559, 561-562, 567, but he raises the issue in order to preserve it for possible federal review.  As defendant recognizes, *Manduley* is binding on this court. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  We thus conclude the contention lacks merit.

---

[2]  *People v. Harvey* (1979) 25 Cal.3d 754.

## II. Evaluation of Defendant's Condition and Circumstances

Defendant contends the trial court abused its discretion when it refused his request to order a new evaluation of his condition and circumstances before sentencing him to a stipulated prison term. While admitting he had waived a "formal probation report," defendant asserts that absent a "current medical and psychological evaluation," his conviction and sentence should be reversed. We disagree.

### A. Background

On January 13, 2012, the probation department filed a pre-plea report. The report indicated that defendant "suffers from high blood pressure and takes medications." Defendant told the probation officer he had "worked with a counselor at Yuba Sutter Mental Health in reference to some anger management problems he was experiencing."

At a bail hearing in June 2012, defense counsel told the trial court that defendant "sees a pediatrician. He has severe medical issues. He has been seeing a pediatrician in juvenile hall. We will continue those visits."

On September 24, 2012, defense counsel informed the trial court of defendant's intention to plead no contest in exchange for a stipulated low prison term and immediate sentencing. A signed written plea form was submitted, and the court accepted the negotiated disposition. Accordingly, defendant pleaded no contest.

Before sentencing, this exchange occurred:

"[DEFENSE COUNSEL]: I have made a request earlier, Your Honor, and I would put it on the record, Your Honor, that I have requested that while I will waive a probation report, I was requesting that the Court order an additional, either supplemental or new evaluation done. I think it's appropriate, I think it is the right thing to do, and I think it assists the community at large as well as my client for purposes of moving forward in the system.

3

"THE COURT:  With regard to a probation report the Court is not going to order a new probation report.  The Court does have the report that was prepared by probation in January, the pre-plea report.  As to [defense counsel's] request for an additional evaluation, the Court is not going to order that.  The Court is of the belief that the Department of Corrections, in determining housing issues and treatment issues and other social issues, will perform their own evaluation upon [defendant] so that they can determine what . . . appropriate counseling and other services should be offered for [defendant], but the Court is not going to order that from this end.  The Court believes the Department of Corrections will do that as part of their procedure."

### B.  Analysis

California Rules of Court, rule 4.411(c)[3] provides:  "The court must order a supplemental probation officer's report in preparation for sentencing proceedings that occur a significant period of time after the original report was prepared."

The Advisory Committee comment to rule 4.411 states in relevant part: "Subdivision (c) is based on case law that generally requires a supplemental report if the defendant is to be resentenced a significant time after the original sentencing, as, for example, after a remand by an appellate court, or after the apprehension of a defendant who failed to appear at sentencing.  The rule is not intended to expand on the requirements of those cases.  [¶]  The rule does not require a new investigation and report if a recent report is available and can be incorporated by reference and there is no indication of changed circumstances.  This is particularly true if a report is needed only for the Department of Corrections and Rehabilitation because the defendant has waived a report and agreed to a prison sentence."  (Advisory Com. com., 23, pt. 1B West's Ann. Codes, Rules (2006 ed.) foll. rule 4.411, p. 236.)

---

[3] Further rule references are to the California Rules of Court.

4

The present case does not involve a remand by an appellate court for resentencing after elapse of a protracted period of time. Nor does it involve a defendant who was apprehended after failing to appear at sentencing. Rather, defendant waived the preparation of a formal probation report but requested that "either [a] supplemental or [a] new evaluation [be] done" following the pre-plea report that had been prepared eight months earlier. Because defendant had stipulated to a 17-year prison term, the requested report was needed only for the Department of Corrections and Rehabilitation, and there was "no indication of changed circumstances," rule 4.411 did not require a new investigation and report.

Defendant counters that the trial court retained authority to reject the plea, regardless of any agreement between the parties, if it subsequently learns the agreed sentence is inappropriate. (Citing, e.g., *People v. Akins* (2005) 128 Cal.App.4th 1376, 1385.) But whether the requested investigation would have revealed grounds to reject the plea is wholly speculative on this record.

The January 2012 probation report and defense counsel's remarks at the June 2012 bail hearing had made plain that defendant had certain ongoing health issues. But there was no contention at sentencing that those ongoing issues required the court to reject the plea. Nor was there any indication that defendant's health circumstances had since changed. Because rule 4.411 conditions the duty to prepare a supplemental probation report upon an indication of changed circumstances, the court had no duty to order the report merely to determine whether there was an indication of change. There was no error or abuse of discretion.

## DISPOSITION

The judgment is affirmed.


      BUTZ      , J.


We concur:


      NICHOLSON      , Acting P. J.


      HULL      , J.

6